IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRY LAWRENCE GILL                                  PLAINTIFF

vs.                                  Civil No. 4:18-cv-4089

ANDREW SAUL[1],                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Terry Lawrence Gill, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed his applications for DIB and SSI on December 31, 2014. (Tr. 10)[2]. In his applications, Plaintiff alleged being disabled due to: arthritis, arrythmia, high blood pressure, depression, anxiety, and myocardial infarctions, with an alleged onset date of July 1, 2010. (Tr. 10, 251). These applications were denied initially and again upon reconsideration.

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

(Tr. 10). Plaintiff requested an administrative hearing and that administrative hearing was held on March 7, 2017. (Tr. 25-61). At this hearing, Plaintiff was present and was represented by non-attorney representative, Laura Lesiker. (Tr. 10, 25-61, 193). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 25-61). At the hearing, the ALJ left the record open for two weeks to allow the submission of additional medical records and a vocational report along with arguments regarding why they were not submitted timely. (Tr. 60).

On May 26, 2017, Plaintiff submitted a post-hearing memorandum and exhibits regarding the usage of the Dictionary of Occupational Titles and job listings. ECF No. 14-1. These exhibits did not include the vocational report or medical records the record had been left open for. *Id*. This memorandum and the attached exhibits were expunged from the transcript. (Tr. 332).

Following the hearing, on July 25, 2017, the ALJ entered an unfavorable decision. (Tr. 719-25). In his decision, the ALJ notes the post-hearing memorandum and attached documents. (Tr. 11, 19). The ALJ notes both that Plaintiff failed to raise any objections at the hearing, and that there was no good cause argument regarding why the attached exhibits were not presented before the hearing. (Id.). The ALJ overruled the objections in the memorandum opinion and declined to admit the exhibits. (Tr. 11, 19, 332).

The ALJ found Plaintiff had last met the insured status requirements of the Act on September 30, 2015. (Tr. 13, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, lumbar spondylosis, and arteriovenous malformation right leg. (Tr. 13-14, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the

2

Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings:"). (Tr. 14-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; is unable to balance on narrow or moving surfaces, but is able to balance occasionally on level surfaces; cannot work in proximity to unprotected heights and dangerous moving machinery; can use foot controls occasionally. *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18, Finding 6). The ALJ determined Plaintiff was not capable of performing any of his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18-19, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as a router with approximately 75,154 such jobs in the nation, a housekeeping cleaner, with approximately 248,672 such jobs in the nation, or a price marker with approximately 463,159 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from his onset date of July 1, 2010, through the date of this decision. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 195-96). The Appeals Council denied this request for review. (Tr. 1-4). On June 4, 2018,

3

Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs, and Plaintiff filed an additional reply brief. ECF Nos. 14, 19, 22. This case is now ready for decision.

**2.     Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only

considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred on two points: 1) by rejecting Plaintiff's objections to the Vocational Expert's testimony and rebuttal evidence based on the five-day rule; and 2) the ALJ's RFC finding was contrary to law and not supported by substantial evidence because he acknowledged Plaintiff's use of a cane, but failed to create a "logical bridge" to the RFC finding that omits any cane-related limitation. ECF No. 14, P. 1. In response, Defendant argues Plaintiff was afforded the opportunity to cross-examine the Vocational Expert and raise objections to her testimony and chose to ask only one question. ECF No. 19, p. 7. Defendant further argues the ALJ did not rely exclusively upon the five-day rule, but rather expressly overruled Plaintiff's objections in his decision. *Id.*, p. 8. Defendant argues the ALJ did not err in regard to Plaintiff's RFC findings as there was no indication in the record that Plaintiff's cane was prescribed, and the evidence did not establish Plaintiff required a cane for a period lasting or expected to last a duration of 12 months. *Id.*, p. 12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

5

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE